**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2036-15T4

CHEF GUSTO, LLC,

      Plaintiff-Appellant,

   v.

MOUNT ROSE RAVIOLI & MACARONI
CO., INC., THOMAS MINUTO, and
ANTHONY MINUTO, JR.,

      Defendants,

   and

ANTHONY MINUTO,

      Defendant-Respondent,

   v.

FRANK LAGALIA,

      Third-Party Defendant-
      Appellant.

_____

      Submitted February 28, 2017 — Decided  March 14, 2017

      Before Judges Fisher and Ostrer.

      On appeal from the Superior Court of New
      Jersey, Law Division, Bergen County, Docket
      No. L-8791-06.

Basile, Birchwale & Pellino, LLP, attorneys for appellants (Florence D. Nolan, on the brief).

Alampi & DeMarrais, attorneys for respondent (Michael F. DeMarrais, on the brief).

PER CURIAM

In this appeal, we are asked to consider whether the trial judge erred in excluding from a final judgment a party who was alive when found partially liable to plaintiff, who was alive during trial, but died prior to the entry of final judgment. Because the trial judge never provided a rationale for excluding the claims against the deceased party when entering final judgment or when the issue was raised after judgment was entered, we remand for further proceedings.

This action was commenced in 2006. The claims asserted in the complaint arose out of the sale of an interest in defendant Mount Rose Ravioli & Macaroni Co., Inc., to third-party defendant Frank LaGalia. The complaint was filed by Chef Gusto, LLC, an entity which assumed Mount Rose's assets in the wake of the transaction, and sought relief against Mount Rose as well as defendants Anthony

Minuto, Sr.,[1] Anthony Minuto, Jr., and Thomas Minuto, who were Mount Rose shareholders.

On January 2, 2009, plaintiff Chef Gusto obtained partial summary judgment on two counts of the complaint; the order also quantified the amount owed. And, although the partial summary judgment did not specifically identify the defendants found liable, we assume that its intent was to impose liability on those counts against all defendants, including the then-living Anthony Minuto, Sr. The partial summary judgment did not fully adjudicate the pleaded claims, and, to be clear about that order's interlocutory nature, the motion judge expressly barred execution.[2]

A bench trial occurred in March 2009; according to plaintiff's reply brief, the trial ended on March 17, 2009. There appears to be no dispute that defendant Anthony Minuto, Sr., died on March 21, 2009. Two weeks later, defense counsel wrote to the trial judge to advise of Anthony Minuto, Sr.'s death. By way of his July

_____

[1] This defendant was identified in the complaint as Anthony Minuto. We will refer to him as Anthony Minuto, Sr., to avoid confusing him with defendant Anthony Minuto, Jr.

[2] The order of partial summary judgment expressly precluded "execution or levy to enforce . . . until further order of this [c]ourt or the entry of final judgment."

2, 2009 written opinion, the trial judge resolved the matter by finding the following facts, among others:

> Frank LaGalia was a long time customer of Mount Rose and . . . [once freed from] a non-compete agreement, [was] prompted . . . to get back into the pasta business. . . . He contacted his old friends, the Minuto's[,] to make frozen tortellini for him which he would sell under a private label "Chef Gusto." However, the deal soon changed wherein it was agreed that LaGalia would get half of Mount Rose for $1,125,000. Six hundred thousand of the purchase price would be used to buy out the Santo Group,[3] the rest to pay off debts of Mount Rose    . . . . The parties later agreed that LaGalia was to get 51% . . . [and] [t]he two surviving Minuto brothers[4] retained the other 49% of Chef Gusto, LLC, and were given employment contracts with Chef Gusto, LLC.

The judge found LaGalia's payment "was never agreed to be a loan."

The judge also determined that the business "did not go well," causing LaGalia to expend additional personal sums until he decided to sell the assets of Chef Gusto, LLC, to another entity for $1,400,000.  That transaction didn't go well either, as that purchaser went bankrupt before paying the entire purchase price.

---

[3] Mount Rose, as the judge found, was owned by "two factions of the Minuto family." Fifty percent was owned by the three Minutos who were named as defendants here (the Minuto Group), and the other fifty percent was owned by Santo Minuto, Denise Lombardo and Thomas Lombardo (the Santo Group).

[4] Presumably referring to Thomas Minuto and Anthony Minuto, Jr.

The judge found no evidence of fraud, but he concluded that "the Minuto's" were entitled to forty-nine percent of the proceeds LaGalia obtained from the sale of Chef Gusto "less any actual disbursements that LaGalia can demonstrate were actually expended after March 3, 2004, for Chef Gusto's operation." Finding a need for an accounting in this regard, the judge declared at the conclusion of his opinion, that "[j]udgment after the accounting, <u>including that which was rendered in the partial summary judgment</u> previously granted by [the motion judge] shall be entered in accordance with this opinion" (emphasis added).

The record on appeal reveals a considerable gap in time until plaintiff informally requested entry of final judgment by way of a letter to the judge dated September 8, 2015. This submission advised that the accounting was provided in June 2011, more than four years earlier. In responding, defense counsel pointed out that Anthony Minuto, Sr., was deceased, and that "[n]either Chef Gusto nor Frank LaGalia have ever moved in this [c]ourt to substitute the Estate of Anthony Minuto, Sr., as a party defendant." Defense counsel relied on <u>Rule</u> 4:34-1(a)[5] in urging that no judgment should be entered against Anthony Minuto, Sr.

_____

[5] Subsection (a) of <u>Rule</u> 4:34-1 states that "[i]n the event of the death of one or more . . . of the defendants in an action in which the right sought to be enforced survives . . . only against the

The judge did not enter the proposed judgment submitted by plaintiff's counsel. Instead, on December 2, 2015, he entered a judgment prepared by the court that was silent about Anthony Minuto, Sr., and his estate. The record on appeal contains no explanation for the judge's unspoken decision to deny Chef Gusto's claim for relief — even that previously adjudicated by the partial summary judgment — against the deceased defendant or his estate.

On January 5, 2016, plaintiff's counsel wrote to the trial judge. She pointed out that the judgment omitted the entry of a judgment against Anthony Minuto, Sr., even though the January 2, 2009 partial summary judgment had undoubtedly granted relief against him that would have been collectible but for the lack of finality. Assuming this to be an oversight, counsel requested entry of an amended judgment. Unlike Brutus during his eulogy of Caesar, plaintiff did not pause for a reply[6] but instead filed its notice of appeal.

In this appeal, plaintiff advises that it "does not challenge the substance of the judgment," only "the fact that the judgment

surviving defendants, the action does not abate. The death shall be noted upon the record and the action shall proceed in favor of or against the surviving parties." Subsection (b) deals with cases in which the death does not extinguish the claim; in that circumstances, a "motion for substitution may be made by the successors or representatives of the deceased party or by any party . . . ."

[6] William Shakespeare, <u>Julius Caesar</u> act 3, scene 2.

A-2036-15T4

excludes, for no stated reason, [d]efendant Anthony Minuto, Sr."
We will not reach the merits but will instead remand for further
consideration of this question by the trial judge.

The appellate role is to review trial court's orders and
decisions, not to either resolve disputes in the first instance
or, for that matter, attempt to discern a reason for a judge's
decision in the absence of a stated rationale. In this latter
respect, it is well-established that the absence of any ruling or
a mere conclusory ruling does not meet the requirements of Rule
1:7-4(a). See, e.g., Curtis v. Finneran, 83 N.J. 563, 569-70
(1980); In re Farnkopf, 363 N.J. Super. 382, 390 (App. Div. 2003).[7]
Consequently, we remand to the trial court for further proceedings
regarding the dispute about if or how the claims against the late
Anthony Minuto, Sr., should be reflected in the final judgment.
The judge should consider all relevant circumstances, including
whether, or to what extent, Rule 4:34-1 governs the disposition
of that question and any impact generated by the failure of any
party to invoke the procedures set forth in Rule 4:34-1. In
addition, because the disposition of this remaining issue may be

---

[7] This may all have been avoided had plaintiff more appropriately
filed a motion for the entry of final judgment or, upon receiving
the final judgment omitting Anthony Minuto, Sr., filed a motion
for its amendment.

impacted by equitable considerations,[8] the trial judge may find it necessary to permit discovery to illuminate the most equitable disposition of the issue at hand.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[8] For example, the record on appeal reveals that the claims against Anthony Minuto, Jr., were discharged in bankruptcy. It may be — and we only surmise — that Anthony Minuto, Jr., may have inherited from his late father. If so, Anthony Minuto, Jr., may not only have avoided his own liability through bankruptcy but may also have obtained, in whole or in part, the benefit of what Anthony Minuto, Sr., would have been required to pay plaintiff but for his untimely death. We see no reason why circumstances like these might not be considered by the trial judge in determining whether to enter a judgment against the Estate of Anthony Minuto, Sr., particularly when Anthony Minuto, Sr.'s liability to plaintiff was partially determined and quantified during his lifetime.